Filed 10/25/22 Conservatorship of S.A. v. Public Guardian etc. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| Conservatorship of the Person of S.A. | 2d Civ. No. B320532 (Super. Ct. No. 14PR-0145) (San Luis Obispo County) |
| PUBLIC GUARDIAN OF SAN LUIS OBISPO COUNTY, Petitioner and Respondent, v. S.A., Objector and Appellant. | |

Appellant S.A. appeals from an order continuing her conservatorship under the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.) and reappointing the Public Guardian of San Luis Obispo County (Public Guardian) as conservator. Appellant's appointed counsel found no arguable

issues on appeal and asks us to conduct a review in accordance with *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).

At our invitation, appellant submitted a two-page, handwritten supplemental brief. Appellant asks for a retrial, citing her "more [r]estricted [p]lacement."

In *Ben C.*, the California Supreme Court concluded that the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], are not mandated in an appeal from a judgment for a conservatorship of the person under the LPS Act. (*Ben C.*, *supra*, 40 Cal.4th at pp. 543-544.) Applying *Ben C.*, we decline to independently review the record for error but do address the issue raised by appellant. We conclude the issue lacks merit and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the Public Guardian filed a petition seeking to find appellant gravely disabled and to be reappointed as her conservator. Appellant denied the petition's allegations and waived her right to a jury trial.

Dr. Rose Drago, a psychiatrist, testified that she has known appellant for approximately 20 years, has treated appellant and has seen appellant on an annual basis since appellant was conserved in 2014. Dr. Drago opined, based on her review of appellant's records and her own observations, that appellant suffers from schizoaffective disorder, bipolar type. Appellant is prescribed Haldol and Decanoate, which are psychotic medications, and oral Zyprexa, a mood stabilizer. Dr. Drago explained that appellant sometimes accepts the need for treatment, but at other times, appellant does not believe she has a mental illness or any need for medication.

2

Dr. Drago testified that appellant can be quite pleasant when taking her medication but gets very manic and psychotic when she is not. Without medication, appellant hallucinates and becomes delusional, agitated and assaultive.

Dr. Drago noted that appellant is presently stable and doing well in a closed locked facility. Dr. Drago opined that appellant is gravely disabled and that the present locked facility placement is the least restrictive placement for her. When appellant is symptomatic, she is paranoid and distrustful of the people around her, which prevents her from safely meeting her own needs. Appellant has historically refrained from seeking medical treatment on her own, outside of a structured setting, and Dr. Drago does not believe she would do so in the future.

Dr. Drago further opined that appellant lacks capacity to consent to routine treatment regarding her mental disorder, and is incapable of operating a motor vehicle, possessing a firearm or other dangerous weapon or entering into contracts of over $50.

Appellant testified she is positive she does not have a mental illness and has been "locked up because . . . people that did not take the right psychology class in college . . . are accusing me of being really ill."

## DISCUSSION

Appellant's supplemental brief mentions an assault she claims she committed three or four years ago and complains that Dr. Drago and the Public Guardian improperly "locked [her] in a more [r]estricted [p]lacement." The record reflects, however, that the trial court ordered that she be "place[d] in a locked facility going forward." When appellant asked "[w]hy," the court responded: "I'm going to encourage you to comply with your

3

treatment regime and your treatment providers and we will hope that things will go better for you this year."

Substantial evidence supports the trial court's decision. Appellant testified that she does not believe she has a mental illness or a need for medication. Her own testimony supports Dr. Drago's opinion that she would not remain stable in a less structured setting. Dr. Drago described what occurs when appellant is not medicated and noted that appellant's safety, and the safety of those around her, would be comprised if she were on her own.

## DISPOSITION

The order continuing appellant's conservatorship and reappointing the Public Guardian as conservator is affirmed.

PERREN, J.*

We concur:

GILBERT, P.J.

YEGAN, J.

_____

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Hernaldo J. Baltodano, Judge
Rita Federman, Judge
Superior Court County of San Luis Obispo County

———————————————

Gerald J. Miller, under appointment by the Court of Appeal, for Objector and Appellant.

No appearance for Petitioner and Respondent.